## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| VANESSA RUIZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Case No.: |
| | ) |
| B&D UTILITIES, LLC, and | ) |
| BRANDON SPENCE, | )    **JURY DEMANDED** |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Ms. Vanezza Ruiz ("Plaintiff" or "Ruiz"), by and through her undersigned counsel of record, and files this Complaint against B&D Utilities, LLC (the "Company") and Brandon Spence ("Spence") (collectively "Defendants"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000(e) et seq., (hereinafter referred to as "Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The unlawful employment practices described herein were committed in Houston County, Alabama; therefore, venue lies in the United States District Court for the Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a citizen of the United States of America over the age of nineteen (19) years, and currently resides in Houston County, Alabama.

5. Plaintiff was, at all times relevant to this complaint, an "employee" of the Company within the meaning of 42 U.S.C. § 2000e(f).

6. The Company is a Domestic Limited Liability Company, based out of Houston County, Alabama, with a principal mailing address of 419 Eastland Road, Dothan, AL 36301.

7. During all times relevant to this Complaint, the Company conducted business in Alabama, specifically at 419 Eastland Road, Dothan, AL 36301.

8. The Company is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and was, at all times relevant, Plaintiff's "employer."

9. Spence is a citizen of the United States of America over the age of nineteen (19) years, and currently resides in Houston County, Alabama.

10. Spence is the owner and operator of the Company.

## ADMINISTRATIVE EXHAUSTION

11. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against the Company.

12. Charge number 420-2024-01492 (the "Charge") was filed on January 23, 2024. (Attached hereto as **Exhibit A**).

13. Plaintiff received a determination based on the merits of the Charge on March 18, 2025, stating that the Company's actions violated Title VII of the Civil Rights Act of 1964, as amended. (Attached hereto as **Exhibit B**).

14. Plaintiff received the Right to Sue ("RTS") for the Charge on or about April 3, 2025. (Attached hereto as **Exhibit C**).

15. Plaintiff has now filed this Complaint within ninety (90) days of her receipt of the RTS and has, therefore, exhausted all administrative remedies with respect to the Charge before filing her claims with this Court.

## FACTS

16. Plaintiff is a female.

17. Plaintiff was hired by the Company on May 20, 2021, to work as a Bookkeeper and Executive Assistant.

18. Plaintiff reported to Spence, who was both her direct supervisor and the owner of the company.

3

19. In July 2021, Plaintiff began having a consensual sexual relationship with Spence.

20. In March 2023, Plaintiff informed Spence that she wished to end the relationship.

21. Spence continued to proposition Plaintiff for sex after she tried to end the relationship.

22. Spence threatened Plaintiff with termination when she tried to end their sexual relationship, making Plaintiff's employment contingent on her continued acceptance of the ongoing sexual contact.

23. However, Plaintiff continued to reject Spence's propositions and advances.

24. On May 1, 2023, Spence physically assaulted Plaintiff at work after she again rejected his sexual advances.

25. Indeed, Spence forcefully grabbed Plaintiff by the neck, constricting her airway and rendering her unable to breathe. He lifted her off the ground by the throat, slammed her body against a wall, and restrained her there using both his hands to pin her in place. While she remained immobilized and gasping for air, Spence then violently threw her into a room outside of the camera's view.

26. Spence threatened Plaintiff to coerce her to continue her employment with the Company and stay silent about the harassment and assault, stating he would

make sure that no one else would hire her if she ended her employment or pressed criminal charges against him.

27. Fearful of Spence's threats and retribution, Plaintiff continued her employment with the Company.

28. Spence continued to pressure Plaintiff to engage in sexual activity with him by repeatedly propositioning her, threatening her current and future employment, and physically imposing on her personal space.

29. Spence's vulgar comments and aggressive behavior were so severe and pervasive that Plaintiff felt extremely uncomfortable going to work and had difficulty performing her job duties.

30. On November 8, 2023, Spence terminated Plaintiff's employment with the Company after she, again, refused his sexual advances.

31. Defendants' conduct caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT I
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII
**(B&D Utilities, LLC)**

32. Plaintiff is female and a member of a protected class.

33. Plaintiff was, and is, a qualified employee able to perform her assigned job duties.

34. The Company is an "employer" within the meaning of Title VII.

35. At all times relevant to this Complaint, the Company employed at least fifteen (15) employees.

36. In March 2023, Spence began sexually harassing Plaintiff after she attempted to end a consensual relationship with Spence.

37. Spence continued to proposition Plaintiff for sexual activity after she said no.

38. Spence threatened Plaintiff with termination when she tried to end their sexual relationship, making Plaintiff's employment contingent on her continued acceptance of the ongoing sexual contact.

39. On May 1, 2023, Spence forcefully grabbed Plaintiff by the neck, constricting her airway and rendering her unable to breathe. He lifted her off the ground by the throat, slammed her body against a wall, and restrained her there using both his hands to pin her in place. While she remained immobilized and gasping for air, Spence then violently threw her into a room outside of the camera's view.

40. Spence threatened Plaintiff to coerce her to continue her employment with the Company and stay silent about the harassment and assault, stating he would make sure that no one else would hire her if she ended her employment or pressed criminal charges against him.

41. Spence's vulgar comments and aggressive behavior were so severe and pervasive that Plaintiff felt extremely uncomfortable going to work and had difficulty performing her job duties.

42. The Company's conduct has caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII
### (B&D Utilities, LLC)

43. Plaintiff is female and a member of a protected class.

44. Plaintiff was, and is, a qualified employee able to perform her assigned job duties.

45. The Company is an "employer" within the meaning of Title VII.

46. At all times relevant to this Complaint, the Company employed at least fifteen (15) employees.

47. In March 2023, Spence began sexually harassing Plaintiff after she attempted to end a consensual relationship with Spence.

48. Spence continued to proposition Plaintiff for sexual activity after she said no.

49. Spence threatened Plaintiff with termination when she tried to end their sexual relationship, making Plaintiff's employment contingent on her continued acceptance of the ongoing sexual contact.

50. On May 1, 2023, Spence forcefully grabbed Plaintiff by the neck, constricting her airway and rendering her unable to breathe. He lifted her off the ground by the throat, slammed her body against a wall, and restrained her there using both his hands to pin her in place. While she remained immobilized and gasping for air, Spence then violently threw her into a room outside of the camera's view.

51. Spence threatened Plaintiff to coerce her to continue her employment with the Company and stay silent about the harassment and assault, stating he would make sure that no one else would hire her if she ended her employment or pressed criminal charges against him.

52. Spence's vulgar comments and aggressive behavior were so severe and pervasive that Plaintiff felt extremely uncomfortable going to work and had difficulty performing her job duties.

53. The Company's conduct has caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

54. The Company's sexual harassment was motivated by Plaintiff's sex.

## COUNT III
## BATTERY
### (Brandon Spence)

55. On May 1, 2023, Spence wrapped his hands around Plaintiff's neck, shoved her against a wall, and pinned her with his knee after Plaintiff rejected his sexual advances.

56. Defendant Spence acted voluntarily and with intent to cause offensive and harmful physical contact with Plaintiff's body.

57. Defendant Spence touched and caused unwanted physical contact, directly and indirectly, with Plaintiff's body.

58. This unwanted, offensive, and harmful physical contact caused Plaintiff physical pain, suffering, and discomfort, and emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT IV
## ASSAULT
### (Brandon Spence)

59. On May 1, 2023, Spence forcefully grabbed Plaintiff by the neck, constricting her airway and rendering her unable to breathe. He lifted her off the ground by the throat, slammed her body against a wall, and restrained her there using both his hands to pin her in place. While she remained immobilized and gasping for air, Spence then violently threw her into a room outside of the camera's view.

60. Spence acted voluntarily and with intent to cause Plaintiff to apprehend offensive and harmful physical contact with Plaintiff's body.

61. Plaintiff was reasonably apprehensive of the imminent harmful and offensive contact from Spence.

62. This unwanted, offensive, and harmful physical contact caused Plaintiff physical pain, suffering, and discomfort, and emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT V
## TORT OF OUTRAGE
### (Brandon Spence)

63. Spence intentionally subjected Plaintiff to outrageous, degrading, humiliating, and harmful conduct by coercing her to continue engaging in a sexual relationship with him, conditioning her employment on the continuance of the sexual relationship, and by forcefully grabbing Plaintiff by the neck, constricting her airway and rendering her unable to breathe, lifting her off the ground by the throat, slamming her body against a wall, restraining her using both his hands to pin her in place, and then violently throwing her into a room outside of the camera's view.

64. The conduct to which Spence subjected Plaintiff is such that no reasonable person could be expected to endure it for a single day, much less for months.

65. Plaintiff did not consent to Spence's physical or emotional abuse. Rather, Spence knew Plaintiff was vulnerable; preyed upon Plaintiff for months, leaving her embarrassed, ashamed, depressed, angry, and disgusted.

66. Spence successfully perpetuated his pattern and practice of coercion and abuse against Plaintiff by threatening her, manipulating her, and becoming physically violent against her.

67. Spence's conduct caused Plaintiff physical pain, suffering, and discomfort, and emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT VI
## WANTONNESS
### (Brandon Spence)

68. Spence intentionally, consciously, and with reckless disregard for the rights, safety, and well-being of Plaintiff, engaged in a pattern and practice of disturbing, harmful, painful, and humiliating conduct against Plaintiff.

69. Spence knew, at all times relevant, that Plaintiff was susceptible to manipulation and coercion such that she would succumb to his demands to remain working for Company despite her desire to quit.

70. Spence knew of these existing conditions, as he acted as her supervisor and threatened termination if she did not continue their relationship, physically

assaulted her in an attempt to coerce her cooperation, and threatened to make it impossible for her to get a job other than that which she held with the Company.

71. Spence's conduct in this regard caused Plaintiff physical pain, suffering, and discomfort, and emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. Back pay for lost income and any other compensatory damages;

B. Reinstatement or front pay if the Court determines reinstatement is impractical;

C. Liquidated damages equal to the amount of back pay;

D. A permanent injunction enjoining Defendants, and all persons in active concert or participation with Defendants, from engaging further in the inappropriate, abusive, harmful treatment of Plaintiff;

E. Damages for physical, mental, and emotional distress;

F. Nominal and compensatory damages;

G. Punitive damages;

H. A reasonable attorneys' fee;

I. Plaintiff's costs and expenses;

J. Interest on all monies owed; and

K. Any and all other relief the Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

Respectfully submitted on this the 30th day of April 2025.

/s *Anthony D. Michel*
Anthony D. Michel (ASB-6809-O64M)
Hannah C. Dillashaw (ASB-2048-K17W)
*Attorneys for Plaintiff*

**Michel Allen & Sinor**
1900 International Park Drive, Suite 140
Birmingham, Alabama 35243
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Anthony@mas-firm.com
Hannah@mas-firm.com

**DEFENDANTS WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

B&D Utilities, LLC
149 Eastland Road
Dothan, AL 36305

Brandon Spence

Respectfully submitted,

 /s *Anthony D. Michel*
*Attorney for Plaintiff*