IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VANESSA RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-319-ECM |
| | ) | [WO] |
| B&D UTILITIES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff Vanessa Ruiz's ("Ruiz") motion for default judgment against Defendants B&D Utilities, LLC ("B&D") and Brandon Spence ("Spence") (collectively, "the Defendants"). (Doc. 25). Upon consideration, and for good cause, the motion is due to be DENIED without prejudice.

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir.2015)). A complaint is well-pleaded when it satisfies the requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A motion for default judgment that "neither sets forth the elements of [the p]laintiff's claims with citations to legal authority[] nor shows how the allegations plead in the [c]omplaint establish the elements of each claim" fails to satisfy this standard. *Senator-Rudat v. Southard*, 2021 WL 9721150, at *2 (N.D. Ga. 2021); *accord Rigby v. Direct Gen. Ins. Co.*, 2023 WL 2894365, at *1 (M.D. Fla. 2023)

("It is [the p]laintiff's burden to address the elements of the causes of action and the specific, well-ple[aded] facts in the operative complaint that satisfy each of those elements.").

Ruiz's motion for default judgment is deficient because she does not explain how the well-pleaded allegations of her complaint establish the elements of the claims under which she seeks relief. Ruiz must properly support her argument and demonstrate why she is entitled to the relief she seeks. To that end, she must identify the claim or claims under which claims she seeks relief, what the elements of those claims are, and how the well-pleaded facts in her amended complaint satisfy those elements. *Cf. Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994) ("[T]his Court cannot make Plaintiff's arguments for him.").

For the reasons stated, and for good cause, it is

ORDERED as follows:

1. Ruiz's motion for default judgment, (doc. 25), is DENIED without prejudice. Ruiz may file a renewed motion for default judgment that complies with this Order **on or before December 4, 2026**.

2. Any renewed motion for default judgment shall: (1) identify the claim(s) on which Ruiz seeks a default judgment; (2) identify the relevant substantive law; and (3) analyze how the complaint states a claim for relief entitling Ruiz to a default judgment under the applicable substantive law.

DONE this 13th day of November, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE